## Brown *v.* Eastman.

A deed attested by one witness only, is ineffectual to pass land under the statute of 1829; and the acknowledgment and record of such an instrument are void. But if afterward the attestation of another witness be added in the presence of the parties, the deed will thereupon become effectual as between themselves and against others claiming subsequently under the same grantor with notice.

If one take a deed referring to a prior deed of the same land, by the words "subject to a mortgage to J. E. for about $800," he is thereby charged with notice of such prior deed.

WRIT OF ENTRY, to recover possession of a certain piece of land and the buildings thereon situated in Concord on Spring street.

The defendant claimed the premises by virtue of a mortgage deed from John B. Dustin, dated August 19, 1842, and acknowledged and recorded the same day, to

secure the payment of a promissory note for $220.69, dated December 31, 1841, and an account of $89.31, which Brown then held against said Dustin; which mortgage recites a prior mortgage from Dustin to the tenant, under which he claims title to the premises as follows:

"Subject to a mortgage to Joseph Eastman for about eight hundred dollars."

The mortgage from Dustin to the tenant was dated October 16, 1839, and was acknowledged and recorded October 19, 1839, and was given to secure a note for $765, dated August 8, 1839, payable in one year and interest annually.

At the time of its execution, there was only one witness to the deed. Another witness was afterward added by consent and in presence of the parties to the deed, and a memorandum made on the margin, as follows:

"The witness signed September 28, 1841;" and at the same time, by consent of the parties to the deed, the name of the witness and memorandum were entered upon the original record of the mortgage.

The deed was not acknowledged or recorded anew after the second witness was added.

The mortgages were both made to secure a valid debt from said Dustin to the parties, as expressed in the mortgages, and it is agreed that neither of said debts has been paid, or any part thereof, other than that the tenant has received the rents and profits of the premises for some time.

It was agreed that upon the above statement of facts judgment should be rendered as this court should order.

*Pierce & Fowler*, for the defendant, to the point that he was not estopped by the notice, cited Com. Dig., Estoppel, E, 2; Co. Lit. 352, b; 8 Cow. 586, and insisted on the want of delivery after the name of the second witness had been added.

---

*Ainsworth,* for the tenant, cited Cowp. 201 ; 5 Bing. 368 ; 15 Com. Law 467 ; 4 Johns. 54 ; 18 Johns. 499 ; 5 Mass. 199 ; 8 Pick. 322.

Woods, J.  The land in controversy was owned by John B. Dustin on the 16th of October 1839 ; on which day he executed a mortgage of it to the tenant to secure the payment of a just debt.  The deed was on the 19th of the same month, acknowledged and recorded.

But the deed bore the attestation of one witness only, and was, for that reason merely, void under the act of 1829, as has been decided by this court.  *Stone* v. *Ashley,* 13 N. H. 38.  The statute referred to provides that a deed signed by two or more witnesses, acknowledged and recorded, shall be valid to pass land, and no deed of bargain and sale shall be good, &c:, "unless executed in manner aforesaid."

But the deed was afterward, on the 28th day of September 1841, perfected by receiving the attestation of an additional subscribing witness, with the assent of the parties to it, and in their presence.  From that moment the deed took effect as a valid conveyance as between the parties to it, so far as a deed could have effect that had been duly signed, sealed, attested and delivered.

It is said that the execution of the deed was not perfect, for the reason that it was not duly acknowledged after the time when the name of the second witness was affixed, and that it was insufficient to pass the title.  But it has long been settled, and uniformly held under our statute, and under statutes of like character elsewhere, that as between the parties, the deed without an acknowledgment is valid.  *Montgomery* v. *Dorion,* 6 N. H. 250. The whole office of the acknowledgment is the verification of the due execution of the deed, so as to authorize a record to be made of it in the registry of deeds, and to render this record effective as a notice to all the world, of

the existence of the deed. Without such acknowledgment the deed is not entitled to be recorded, and its irregular or inofficious registration is not constructive notice, as the legal record of a deed is. The deed therefore, when subscribed by the second witness, became an effectual conveyance as between the parties to it.

But it may well be doubted, whether the record of the deed as found by the case, was, under the circumstances which attended it, effectual notice to third parties. There was in fact no acknowledgment after the name of the second witness was affixed. When acknowledged it was an imperative instrument. It was not a deed such as was required by law to pass an estate, or such as would be acknowledged or recorded. Its acknowledgment and registration were therefore both irregular. The instrument was a very different one from that which it afterward became, and from that which was exhibited at the trial, as we have seen.

It would be difficult to give a sound reason for holding that the verification of one instrument as the deed of a party, that for the purposes for which it was executed was wholly void, would entitle another, subsequently perfected, to be recorded. The perfect deed is a wholly different instrument from the void one, though written upon the same paper. Nor would such premature acknowledgment, or the acknowledgment of an instrument that was no deed, make the record of such a vain instrument to take effect as notice of the existence of a different and a valid one.

But the case does not turn upon that point. The plaintiff had actual notice of the existence of a deed, sufficient as between the parties to it, to pass the estate, before he took the deed under which he claims.

The deed from Dustin to the demandant was executed subsequently to the time when the deed from Dustin to the tenant was perfected by the attestation of the second

witness. It recites the prior deed; and that is sufficient notice to the demandant of its existence. No principle of law is better settled, than that actual or constructive notice of a prior valid and subsisting deed, is as effectual to give priority of right to the prior grantee over the subsequent grantee under the same grantor with such knowledge, as is the record itself of a deed properly executed, acknowledged and recorded. It was the point decided in *Rogers* v. *Jones*, 8 N. H. 264, and indeed is so familiar and so well established, that authorities in its support are not required.

The deed of the tenant then, being prior in point of time, and operative against the grantor, and also against the demandant who claims under him with notice, must prevail. There must therefore, according to the agreement of the parties be

*Judgment for the tenant.*